442 So.2d 1023 (1983)
Kathleen Dietz WINGATE, Appellant,
v.
State of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. 82-1096.
District Court of Appeal of Florida, Fifth District.
December 1, 1983.
Rehearing Denied January 4, 1984.
Leslie K. Dougall and Judith E. Koons of Central Fla. Legal Services, Inc., Cocoa, for appellant.
Paul A. Rowell, Gen. Counsel, and Judson M. Chapman, Asst. Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellee.
*1024 ORFINGER, Chief Judge.
Karlene Wingate petitioned the circuit court for the issuance of a writ of certiorari directed to the State of Florida, Department of Highway Safety and Motor Vehicles, seeking to reverse a final order of the Department revoking her driver's license for medical reasons. Final orders of the Department wherein a license has been cancelled, suspended or revoked are reviewable by writ of certiorari issued by the circuit court in the county of the person's residence. § 322.31, Fla. Stat. (1981).
The circuit court received the petition, and concluding that it failed to demonstrate a preliminary basis for relief, declined to issue an order directing the respondent Department to show cause why the writ should not issue. See Fla.R.App.P. 9.100(f). Petitioner appeals from that order.
An appeal is not the proper remedy by which to seek review of a certiorari proceeding in the circuit court which in turn reviews administrative action. The proper remedy in this court is a petition for writ of certiorari. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Thus, we treat the "appeal" as a petition for a writ of certiorari. Fla.R.App.P. 9.040(c).
Finding no departure from the essential requirements of law, the petition for writ of certiorari is denied. See Combs v. State, 436 So.2d 93 (Fla. 1983).
DAUKSCH and COWART, JJ., concur.