547 So.2d 993 (1989)
STATE of Florida, Appellant,
v.
Michael D. COTE and Dale McClain, Appellees.
No. 88-0600.
District Court of Appeal of Florida, Fourth District.
August 9, 1989.
Rehearing Denied September 13, 1989.
*994 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Douglas N. Duncan of Cone, Wagner, Nugent, Johnson, Roth and Romano, P.A., West Palm Beach, for appellee-Cote.
Ted Crespi of Ted Crespi, P.A., Hollywood, for appellee-McClain.
PER CURIAM.
The state has appealed an order granting the defendant's motion to suppress evidence. We reverse.
Acknowledging that the trial court's ruling on a motion to suppress comes to this court clothed with a presumption of correctness, we have tested the accuracy of the trial court's conclusions by viewing the undisputed evidence and circumstances of the arrests in light of sustaining those conclusions, but find that, in this particular instance, the trial court's conclusions are not sustainable. State v. Riehl, 504 So.2d 798 (Fla. 2nd DCA 1987).
The undisputed facts form the basis of our opinion that there was probable cause for the arrests and that the evidence gathered in the course of the arrest should not be suppressed.
The arrest occurred on the evening of December 12, 1986, in the City of Atlantis, by two city police officers. Access to this community is limited to passage through two guarded gate houses located at the east and west perimeters of the city. It is otherwise secured on three sides by a chain link fence topped with barbed wire, and bordered on the fourth side by a waterway.
The defendants were first seen by the police officers when they emerged from behind a house, which was surrounded by a chain link fence, in the central western half of the city. The officers testified that the defendants were dressed in identical dark colored clothing, including dark baseball caps, dark windbreaker-type jackets with dark clothing underneath. Both officers testified that they were familiar with all of the residents of the city and did not recognize the defendants. Officer Newkirk testified that he saw the two defendants walking at a "happy pace" from a residence, carrying a satchel or bag between them. He noticed their clothing and their unusual activity. They walked hurriedly down the street jumped over a split-rail fence, which bordered a nearby residence, and were crouched behind shrubbery beside the residence when Officer Cobb confronted them and announced that they were under arrest. The officer testified that he first intended to arrest them for loitering and prowling and trespass to private property. The defendants fled and both officers chased them as they ran through the neighborhood.[1] Officer Newkirk found them *995 hiding behind shrubbery, beside another residence, and ordered them out and placed them under arrest. The defendants were wearing gloves at the time of the arrest and their satchel, which carried property, jewelry and burglary tools was with them. At that point the officers did not know that a burglary had occurred in the area.
The defendants moved for suppression of all physical and testimonial evidence resulting from the arrest arguing that an arrest for loitering and prowling was unlawful because the officers had not provided an opportunity for the defendants to explain their presence before their arrest was announced by Officer Cobb. See Section 856.021 Fla. Stat. (1987). The state conceded this infirmity in the arrest for loitering and prowling. With regard to their arrest for trespass to private property, the defendants argued, in effect, that they could not be convicted because the statutory provisions defining trespass to residential property were ambiguous as to what constituted an enclosure on residential property. See sections 819.011(5), 810.011(7), 810.011(8), 810.09(1), 810.12, Fla. Stat. (1987). The trial court was persuaded by the defendants' argument and ruled that any ambiguity must be resolved in the defendants' favor and that the evidence would therefore be suppressed.
We see the determinative issue here as whether, under the circumstances and based on the officer's knowledge and experience, the police reasonably could have believed that a crime had been, was being, or was about to be committed. Section 901.15 Fla. Stat. (1987); Smith v. State, 363 So.2d 21 (Fla. 3rd DCA 1978).
To view the foregoing facts in the light most favorable to sustaining the trial court's conclusion would require inferring from all of the defendants activities, as outlined, that there was nothing unusual about their actions which should alert a seasoned police officer to reasonably suspect criminal activity. The defendants actions speak for themselves in that regard and the reasonable inferences to be drawn from their actions all support the officers's conclusion that there was probable cause to arrest for loitering and prowling, and trespass, as well as suspicion of burglary.
The facts in State v. Riehl differ from the case before us but the opinion, reversing an order granting the defendant's motion to suppress evidence, mirrors our rationale in reversing the order before us.
"We realize that a trial court's rulings on a motion to suppress comes to this court with a presumption of correctness and that in testing the accuracy of the trial court's conclusion, we should interpret the evidence and all inferences capable of being drawn therefrom in a light most favorable to sustaining these conclusions. Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975). In this case, however, after affording the court's order this presumption, and after interpreting the evidence and all inferences capable of being drawn therefrom in a light most favorable to sustaining the trial court's conclusion, we still find that the court erred.
The trial court, on undisputed facts, simply found that no probable cause existed for the defendant's arrest... . In order to establish the probable cause necessary to make a valid arrest, however, it is not necessary to eliminate all possible defenses. Furthermore, the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based. Lemus v. State, 158 So.2d 143 (Fla.2d DCA 1963). All an officer needs in order *996 to make an arrest is probable cause to believe that the suspect is committing or has committed a crime. § 901.15 Fla. Stat. (1985). Probable cause is evaluated from the viewpoint of a prudent cautious police officer on the scene at the time of the arrest. State v. Profera, 239 So.2d 867 (Fla. 4th DCA 1970). The question to be answered is whether the officer in the particular circumstance, conditioned by his observation and information, guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested. Profera; see also, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). He need not actually see the law being violated nor must he satisfy himself beyond question that a crime has been committed. Russell v. State, 266 So.2d 92 (Fla. 3d DCA), cert. denied, 271 So.2d 140 (Fla. 1972)."
Id. at 800.
Regardless of whether the arrests are sustained by convictions for loitering and prowling and trespass, probable cause existed to arrest for suspicion of burglary, as well as trespass.
An evaluation of whether there was probable cause to arrest does not depend on whether the grounds for the arrests will ultimately result in conviction. State v. Riehl. Neither does the validity of an arrest turn on the offense announced by the officer at the time of the arrest, i.e., that the officers intended an arrest for loitering and prowling does not preclude finding that probable cause existed to arrest for a different offense. Thomas v. State, 395 So.2d 280 (Fla. 3rd DCA 1981); United States v. Saunders, 476 F.2d 5 (5th Cir.1973); Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970). The arrests were lawfully grounded on the officers' objective assessment that the defendants were involved in criminal activity. The facts establish the reasonableness of that assessment and the actual existence of probable cause to support the arrests. See State v. McCormack, 517 So.2d 73 (Fla. 3rd DCA 1987); Thomas v. State; A.L.B. v. State, 399 So.2d 483 (Fla. 3rd DCA 1981). The suppression order is therefore reversed.
REVERSED AND REMANDED.
GLICKSTEIN, WALDEN and STONE, JJ., concur.
NOTES
[1] The fact that the defendants fled when they were confronted by the police is additional support for the officers' assessment that the defendants were involved in criminal activity. United States v. Bowles, 625 F.2d 526, 535 (5th Cir.1980):

Although flight alone will not provide probable cause that a crime is being committed, in appropriate circumstances it can supply the "key ingredient justifying the decision of a law enforcement officer to take action." United States v. Vasquez, 534 F.2d 1142, 1145 (5th Cir.), cert. denied, 429 U.S. 979, 97 S.Ct. 489, 50 L.Ed.2d 587 (1976). "Flight invites pursuit and colors conduct" that might otherwise appear innocent. United States v. Pope, 561 F.2d 663, 668 (6th Cir.1977); [citations omitted].
See also, United States v. Herzbrun, 723 F.2d 773 (11th Cir.1984).