667 So.2d 305 (1995)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Antonio FAVINO, Jr., Appellee.
No. 94-624.
District Court of Appeal of Florida, First District.
September 27, 1995.
*306 Enoch J. Whitney, General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Appellant.
*307 David M. Robbins of Epstein & Robbins, Jacksonville, for Appellee.
VAN NORTWICK, Judge.
The Department of Highway Safety and Motor Vehicles (the Department) seeks review[1] of an order of the circuit court granting a writ of certiorari and setting aside the suspension of Antonio Favino's driver's license. Because we find that the circuit court failed to apply the correct law with respect to the standard of review used in its reviewing and rejecting the findings of the Department's hearing officer, we grant the petition and quash the circuit court's order that reinstated Favino's license.
The record on appeal establishes that Favino was involved in a motor vehicle accident in the early hours of March 27, 1993. While the accident occurred on a public street in Clay County, after the accident Favino and the occupants of the other vehicle drove to Favino's house from where the Florida Highway Patrol was summoned. Trooper John Bedenbaugh arrived at Favino's residence at approximately 1:35 a.m. Shortly thereafter, Favino was arrested for driving under the influence of alcohol in violation of section 316.193, Florida Statutes. Prior to his arrest, Favino refused a breath, blood or urine test.
Favino filed for a formal administrative review of the suspension of his driver's license, which occurred automatically upon his refusal to submit to a field test. § 322.2615, Fla. Stat. (1993). The Department's hearing officer received the live testimony of Trooper Bedenbaugh and received certain documents from the Department, such as the traffic investigation report. Favino made no personal appearance at this hearing, though he did appear through counsel. Favino called no witnesses and presented no documentary evidence.
Trooper Bedenbaugh testified that when he arrived at Favino's residence, he detected a strong odor of alcohol upon Favino. Also, Favino's eyes were bloodshot, his speech was slurred and his balance was unsteady. Favino had difficulty finding his insurance card in his wallet, although the trooper could observe it. Favino's father assisted him in the retrieval of his driver's license and registration. Bedenbaugh testified that he learned from the participants of the accident that Favino had rear-ended the other car, which was not stopped but which was traveling at approximately 40-45 m.p.h., and that Favino had offered to settle with the other driver without regard to an insurance claim. The other driver refused. The trooper opined that the accident had occurred at approximately 1:10 a.m. When he arrived at Favino's house, the trooper observed Favino drinking grapefruit juice. As noted above, Trooper Bedenbaugh requested that appellant take a sobriety test, which Favino refused.
The hearing officer sustained the suspension of Favino's license, making the following "conclusions of law and fact":
1. The arresting law enforcement officer did have probable cause to believe that [Favino was] driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. [Favino was] placed under lawful arrest.
3. [Favino] did refuse to submit to any such test after being requested to do so by a law enforcement or correctional officer.
4. [Favino was] told that if [he] refused to submit to such test [his] privilege to operate a motor vehicle would be suspended for a period of one year, or in the case of a second or subsequent refusal, for a period of 18 months.
These findings track the statutory language governing the review procedure of an administrative *308 license suspension.[2]
Thereafter, Favino petitioned the circuit court for a writ of certiorari. Attached to the petition was a transcript of the formal review hearing. In his petition, Favino argued that "absolutely not one scintilla of evidence" was received at the review hearing indicating that the petitioner "was drinking prior to or at the time of his motor vehicle accident." Favino continued, "[t]he trooper testified that he had absolutely no knowledge of whether Mr. Favino had anything to drink at the time he was driving as opposed to the time that the trooper arrived at Mr. Favino's house sometime after the accident." After receiving a response from the Department, the lower court entered an order granting the petition and ordering reinstatement of Favino's driver's license. No findings of fact or conclusions of law are included in this order, and, since no hearing was held, there are obviously no oral findings of record.
The circuit court's standard of review in the present case is set forth in City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982):
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.
See also, Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla. 1995); Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989). When exercising this standard of review, the "circuit court is not permitted to reweigh the evidence or substitute its judgment for that of the agency." Id. at 108.
The standard of review applicable to the district court of appeal reviewing the circuit court's order is narrower. The district court, upon review of the circuit court's judgment, is limited to determining whether the circuit court afforded procedural due process and applied the correct law. Heggs, 658 So.2d at 530; City of Deerfield Beach, 419 So.2d at 626; Education Development Center, 541 So.2d at 108.
As noted above, the lower court in the instant case granted relief without indicating its reasons why. That is, there is no finding that procedural due process was denied at the administrative level, no finding that the essential requirements of law were not observed by the hearing officer, and no finding that the administrative findings and judgment were not supported by competent, substantial evidence. Given the assertions made in Favino's certiorari petition, we must assume that the circuit court granted relief on the ground that the findings and judgment of the hearing officer were not supported by competent substantial evidence.[3]
Under section 322.2615(7)(b), Florida Statutes (1993), the relevant question before the hearing officer, given the allegations in the certiorari petition, was whether Trooper Bedenbaugh had probable cause to believe Favino was driving under the influence of alcohol or a controlled substance. The relevant issue before the circuit court, therefore, given the certiorari petition, was whether *309 there was competent, substantial evidence to support the hearing officer's factual finding of probable cause. Heggs, supra; City of Deerfield Beach, supra.
The term "probable cause" is not defined in Chapter 322. Nevertheless, the term is widely utilized in the criminal law. As this court has explained, probable cause sufficient to justify an arrest exists "where the facts and circumstances, as analyzed from the officer's knowledge, special training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed." City of Jacksonville v. Alexander, 487 So.2d 1144, 1146 (Fla. 1st DCA 1986); see also, State v. Riehl, 504 So.2d 798, 800 (Fla. 2d DCA 1987) ("In order to establish the probable cause necessary to make a valid arrest, however, it is not necessary to eliminate all possible defenses. Furthermore, the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based.").
Probable cause is often a conclusion drawn from reasonable inferences. State v. Cote, 547 So.2d 993, 995 (Fla. 4th DCA 1989) ("... the reasonable inferences to be drawn from [the defendants'] actions all support the officer's conclusion that there was probable cause to arrest ..."). Certainly, there was no eye-witness evidence presented in the present record that Favino was drinking alcohol during the period in question. However, to accept the claim that there was "not one scintilla of evidence" that Favino had been operating a motor vehicle while under the influence, one must ignore the obvious implications of the facts and circumstances made known to the officer. Clearly, the facts and circumstances were sufficient for a reasonable person to conclude that Favino operated his motor vehicle while under the influence of alcohol, given the unchallenged observations of the officer shortly after the accident occurred and given the circumstances surrounding the accident. The hearing officer found by a preponderance of evidence that such probable cause existed, and there was competent, substantial evidence to support that finding.
The circuit court, by rejecting the hearing officer's findings when there was competent, substantial evidence in the record to support these findings, necessarily reweighed the evidence and substituted his judgment for that of the hearing officer. This the circuit court was not permitted to do. The Department's hearing officer is "the trier of fact [and is] in the best position to evaluate the evidence... ." Department of Highway Safety and Motor Vehicles v. Satter, 643 So.2d 692 (Fla. 5th DCA 1994), rev. denied, 651 So.2d 1195 (Fla. 1995). By failing to apply the correct standard of review, the circuit court failed to apply the correct law. Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978); City of West Palm Beach Zoning Board v. Education Development Center, Inc., 504 So.2d 1385 (Fla. 4th DCA 1987); Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981).
We are fully cognizant of our limited scope of review in the instant case. Our consideration of the instant case is confined to two inquiries: whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Haines City Community Development v. Heggs, supra; Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, supra. We have determined that the circuit court did indeed fail to apply the correct law by failing to apply the correct standard of review. City of Deerfield Beach v. Vaillant, supra; see also, Dept. of Highway Safety and Motor Vehicles v. Riggen, 654 So.2d 221 (Fla. 1st DCA 1995).
Accordingly, we grant the writ, quash the order of the circuit court and remand with instructions that a redetermination be made applying the correct standard of review.
BOOTH and MICKLE, JJ., concur.
NOTES
[1] Review in this court was incorrectly sought by means of appeal when the proper procedure was to petition for writ of certiorari. Wingate v. Department of Highway Safety and Motor Vehicles, 442 So.2d 1023 (Fla. 5th DCA 1983). At the Department's request, and pursuant to Florida Rule of Appellate Procedure 9.040(c), we will treat the instant appeal as a petition for writ of certiorari. Department of Highway Safety and Motor Vehicles v. Riggen, 654 So.2d 221 at n. 1 (Fla. 1st DCA 1995).
[2] Section 322.2615(7)(b), Florida Statutes (1993), provides that in a formal review of a license suspended for refusal to submit to a breath, blood or urine test, the scope of review shall be limited to the following:

1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
4. Whether the person was told that if he refused to submit such test his privilege to operate the motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
[3] Favino did not specifically assert in his petition to the circuit court that procedural due process was not afforded to him or that the essential requirements of law were not observed.