752 So.2d 625 (1999)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Danny HASKINS, Respondent.
No. 99-01858.
District Court of Appeal of Florida, Second District.
December 10, 1999.
Rehearing Denied January 27, 2000.
*626 Enoch J. Whitney, General Counsel, and Kathy A. Jimenez, Assistant General Counsel, Miami, for Petitioner.
Eilam Isaak, Tampa, for Respondent.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles seeks certiorari review of a circuit court issuance of a writ of certiorari that reinstated the driver's license of respondent, Danny Haskins. We have jurisdiction. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995). Because the circuit court applied the incorrect law, we quash the order under review.
In July 1998, Haskins was observed by a police officer driving the wrong way on Bearss Avenue in Tampa, Florida. As the officer watched, Haskins crossed the median to get on the correct side of the road. When the officer pulled Haskins over, the officer smelled alcohol on Haskins' breath, and observed slurred speech. The officer requested Haskins to perform field sobriety exercises. Haskins performed the tests poorly. He was arrested for driving under the influence, and refused to submit to a breath, blood or urine test for alcohol.
Haskins' driver's license was suspended. The suspension was upheld by the Bureau of Administrative Reviews after an evidentiary hearing conducted at Haskins' request. Haskins then sought certiorari review in the circuit court. In the order granting Haskins' petition for writ of certiorari, the circuit court found that the officer did not have probable cause to request Haskins to submit to the field sobriety exercises. The court cited State v. Taylor, 648 So.2d 701 (Fla.1995), as support for its finding.
The standard of review applicable in this court to certiorari review of an administrative agency action by the circuit court is: 1) whether the agency action afforded the parties procedural due process; 2) whether the essential requirements *627 of law were observed; and, 3) whether the agency action is supported by competent substantial evidence. See Haines City Community Dev., 658 So.2d at 530. This court may review only "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." See id.
We conclude that the circuit court did not apply the correct law in this case. In Taylor, the supreme court stated that section 901.151(2), Florida Statutes (1991),[1] permits a law enforcement officer to stop a driver and request that the driver perform field sobriety tests based on a reasonable suspicion that the crime of driving while intoxicated is being committed. 648 So.2d at 703. The purpose of the stop and investigation is to determine whether probable cause sufficient to make an arrest exists. Id. Consequently, the circuit court in this case erred in stating that the officer who stopped Haskins needed probable cause to ask Haskins to submit to the field sobriety exercises, and the court erred in citing Taylor in support of this proposition.
In addition, the circuit court appeared to substitute its evaluation of the evidence for the judgment of the hearing officer. In stating that the officer did not have probable cause to stop Haskins, the court did not conclude that the hearing officer's findings were not supported by competent, substantial evidence. Instead, the court apparently reviewed the evidence and formed its own opinion, without deference to the findings of the hearing officer. Therefore, in conducting its review, the circuit court again applied the incorrect law. See Department of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995)(stating that a circuit court may not substitute its judgment for that of the hearing officer when reviewing an administrative order by certiorari).
Accordingly, we grant the Department's petition and quash the circuit court's order that reinstated Haskins' driving privileges.
BLUE, A.C.J., and GREEN and CASANUEVA, JJ., Concur.
NOTES
[1] Section 901.151(2) Florida Statutes (1991), has not been amended since State v. Taylor, 648 So.2d 701 (1995), was decided.