791 So.2d 32 (2001)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Ronald Gayle PORTER, Respondent.
No. 2D00-4680.
District Court of Appeal of Florida, Second District.
May 4, 2001.
Rehearing Denied August 3, 2001.
*33 Enoch J. Whitney, General Counsel, and Richard Simpson, Assistant General Counsel, Miami, for Petitioner.
A.R. Mander, III of Greenfelder, Mander, Hanson, Murphy & Dwyer, Dade City, for Respondent.
NORTHCUTT, Judge.
On Ronald Porter's petition for a writ of certiorari, the circuit court quashed an order of a Department of Highway Safety and Motor Vehicles hearing officer which sustained the suspension of Porter's driver's license. In turn, the Department petitioned us for certiorari review of the circuit court's order. We grant the writ and quash the order.
Pursuant to section 322.2615(1)(a), Florida Statutes (1997), Pasco County Deputy Sheriff John D. Watson suspended Porter's license after Porter refused to take a breath test. Porter then invoked his right to a formal review of the suspension by a Department hearing officer. § 322.2615(1)(b), Fla. Stat. (1997). No witnesses testified at the review hearing. Rather, as permitted by the statute, the hearing officer based his decision on information contained in sundry documents generated by Deputy Watson in regard to the incident. § 322.2615(11), Fla. Stat. (1997). These included the arrest affidavit in which Deputy Watson gave the following version:
The DEF did operate a 1984 GMC Jimmy Pickup Truck [...] on SR 52 WB. Deputy Cox stopped him for going 45 mph in a 35 mph zone and leaving his lane of travel over the right fog line twice. Upon contact I observed a strong odor of alcoholic beverage about him, glassy bloodshot eyes, and was unsteady on his feet. On video he started field sobriety tests then refused to perform them. I advised him it could be used against him. I then placed him under arrest for DUI. After Implied Consent he refused the breath test. He had 4 empty and 8 full Bud Light beers on ice in his truck.
The hearing officer also considered Deputy Watson's sworn DUI Report, which recounted Porter's driving as described above and stated that Porter had been "witnessed and stopped by Deputy Cox." Under "DRIVER CONTACT," Deputy Watson noted that Porter was "slouched down in [his] seat" inside his vehicle. Outside the vehicle he was "unsteady on his feet." In the STATEMENTS section of the report, Deputy Watson quoted Porter as follows: "`I've had 4 beers.' PostMiranda `I know I screwed up. I shouldn't have been driving.'" The documents before the hearing officer indicated that Porter's pickup truck was impounded and towed from the scene of his arrest. The corresponding Vehicle/Vessel Impound Receipt reflected that the truck contained a "cooler with 8 Bud Lights full on ice, and 4 empty (1 partially filled & cold)."
As prescribed by the statute, the hearing officer's task was to determine by a preponderance of the evidence "whether sufficient cause exist[ed] to sustain, amend, or invalidate the suspension[,]" based on the following criteria:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.

*34 2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to [a breath] test after being requested to do so by a law enforcement officer or correctional officer.
4. Whether the person was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
§ 322.2615(7)(b), Fla. Stat. (1997). The hearing officer found in the affirmative on all four issues, and determined that there was sufficient cause to sustain the suspension of Porter's driver's license.
At Porter's instance, the circuit court reviewed the hearing officer's order by certiorari. § 322.2615(13), Fla. Stat. (1997). Controlling law dictates that when a party is entitled as a matter of right to seek a circuit court's review of administrative action, the circuit court's inquiry is limited to three issues: (1) whether the agency furnished procedural due process; (2) whether the agency observed the essential requirements of law; and (3) whether the agency's findings and judgment are supported by competent substantial evidence. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Dep't of Highway Safety & Motor Vehicles v. Haskins, 752 So.2d 625 (Fla. 2d DCA), review denied, 763 So.2d 1043 (Fla.2000).
Here, the circuit court took issue with the hearing officer's determination that the "fellow officer rule" gave Deputy Watson probable cause to believe that Porter had been operating his vehicle while under the influence of alcohol. Under the fellow officer rule, one law enforcement officer may develop probable cause to arrest based in part on facts known to another officer. Voorhees v. State, 699 So.2d 602 (Fla.1997); Johnson v. State, 660 So.2d 648 (Fla.1995). The rule applies to misdemeanors as well as felonies. B.D.K. v. State, 743 So.2d 1155 (Fla. 2d DCA 1999); Dep't of Highway Safety & Motor Vehicles v. Leonard, 718 So.2d 314 (Fla. 5th DCA 1998).
The circuit court disputed the hearing officer's determination in this regard on two bases. First, the court held that the hearing officer's finding simply that Deputy Cox had informed Deputy Watson of the "circumstances surrounding the traffic stop" was insufficient to invoke the fellow officer rule. "`Surrounding circumstance' may well have included [Porter's] speeding and crossing the fog [line] twice," the court wrote, "but it may well not have included these essential facts, which justified the traffic stop. The hearing officer should have included in his finding of facts what the stopping officer said to the arresting officer and not relied upon the vague conclusionary `surrounding circumstances.'"
Second, the court observed that the hearing officer "made no findings as to the issuance of citations for [Porter's] speeding or crossing the fog lane, nor that the stopping officer had a founded suspicion of a DUI when the stopping officer turned over the investigation to the arresting officer." Without such findings, the court wrote, "the hearing officer was wrong in finding that the stopping officer was making or attempting to make an arrest or needed assistance in doing so, this obviating the justification for the `fellow officer rule.'" Accordingly, the court quashed the hearing officer's order and directed the Department to reinstate Porter's driver's license.
In our certiorari review of the circuit court's order, we must determine whether the court afforded procedural due *35 process and applied the correct law. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla. 2000); Haskins, 752 So.2d at 626. We conclude the court failed in the latter regard in several ways. One of them derived from the court's focus on whether the hearing officer's application of the fellow officer rule was supported by his written finding that Deputy Cox had related to Deputy Watson the "circumstances surrounding the traffic stop." In its certiorari review of the suspension the circuit court was not called upon to assess whether the wording of a particular finding supported the result. Rather, as mentioned, the court was required to determine whether the hearing officer's findings and judgment were supported by competent substantial evidence. Given our narrow scope of review, it is beside the point to note that the applicable statute permitted the hearing officer to base his review of the license suspension on the attendant written documents. From these the hearing officer easily inferred that Deputy Cox had observed Porter speeding and crossing the fog line twice while operating his vehicle and that he had passed this information to Deputy Watson, who included it in his reports. If the circuit court had observed the correct scope of review, it could not have found the hearing officer's order deficient in this regard. By basing its decision on matters outside the permissible scope of review, the court applied incorrect law. Skaggs Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla.1978); Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995); Haskins, 752 So.2d at 626.
Beyond that, the statute providing for administrative reviews of license suspensions does not even require hearing officers to include findings of fact in their orders. Indeed, the statute declares that Florida's Administrative Procedures Act, which imposes such requirements on administrative orders generally, does not govern proceedings of this type. § 322.2615(12), Fla. Stat. (1997). Thus, when reversing the hearing officer's order based on the supposedly inadequate wording of a particular finding, the circuit court assumed incorrectly that the law required the finding at all.
Finally, the circuit court misstated the fellow officer rule when holding that it could only be applied if Deputy Cox had ticketed Porter for speeding or crossing the fog line, had developed his own founded suspicion that Porter was intoxicated, or had needed assistance in arresting Porter. We have already pointed out that the fellow officer rule was properly invoked simply because Deputy Cox had information, i.e., that Porter had been driving his vehicle, which Deputy Watson put together with his own observations of Porter's inebriated state. This gave Deputy Watson probable cause to believe that Porter had operated his vehicle while intoxicated and, thus, to arrest him for that offense.
We have seen that the circuit court applied incorrect law when quashing the hearing officer's order. Therefore, we grant the Department's petition for writ of certiorari and quash the circuit court's order.
PARKER, A.C.J., and SILBERMAN, J., concur.