806 So.2d 551 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Donald SILVA, Respondent.
No. 2D01-696.
District Court of Appeal of Florida, Second District.
January 9, 2002.
Rehearing Denied February 12, 2002.
*552 Enoch J. Whitney, General Counsel, and Kathy A. Jimenez, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for Petitioner.
Jacqulyn Mack of The Mack Law Firm, Englewood, for Respondent.
STRINGER, Judge.
The Department of Highway Safety and Motor Vehicles (Department) seeks review of a circuit court order granting respondent, Donald Silva's, petition for writ of certiorari and quashing its administrative order suspending Silva's driver's license. We have jurisdiction. See Haines City Comm. Dev. v. Heggs, 658 So.2d 523 (Fla. 1995). Because the circuit court applied the incorrect law in reviewing the ruling on the license suspension, we grant the petition.
The record discloses that on August 1, 2000, at approximately 7:20 p.m., Florida Highway Patrol Trooper Patrick Bock was dispatched to the intersection of State Road 35 and Washington Loop in Punta Gorda, Florida, to investigate a single-vehicle accident. Trooper Bock arrived at the scene and observed a black Harley Davidson motorcycle lying on the shoulder, with damage to the right side and front fender. Silva was lying in the grass next to the motorcycle. Deputies at the scene advised Trooper Bock that Silva had refused medical treatment, stating he was not injured. Upon making contact with Silva, Trooper Bock detected the odor of alcohol on his breath. Trooper Bock also observed that Silva's eyes were bloodshot and his speech slurred.
After Trooper Bock completed his accident investigation, he advised Silva that he was beginning a criminal DUI investigation. Silva indicated he understood. Trooper Bock did not read Silva a Miranda[1] warning at that time. Trooper Bock requested, and Silva agreed to perform, field sobriety exercises. Silva was unsteady on his feet, and Trooper Bock asked if he had any injuries that would prevent him from performing the exercises. Silva replied that he did not but that "his right calf was sore from the crash." Silva's performance was indicative of impairment, and Trooper Bock placed him under arrest for DUI. He was transported to the Charlotte Regional Medical Center for treatment of his calf injury, and from there he was taken to a breath-testing facility at the Charlotte County jail. Silva's breath test results exceeded the legal limit, and subsequently his driving privilege was suspended. The Charlotte County deputy who administered the breath test timely filed his paperwork with the Department pursuant to section 322.2615(2), Florida Statutes (1999), and Florida Administrative Code Rule 15A-6.013, including, inter alia, the DUI traffic citation, intoxilyzer print card, and the probable cause affidavit.
Silva sought administrative review of the suspension. At the review hearing, Silva objected to the Department's use of the crash report, alleging it was privileged under section 316.066(4), Florida Statutes (2000).[2] Silva also objected to the probable *553 cause affidavit, which he alleged disclosed his statements made during the crash investigation. Silva argued that the hearing officer should not have considered the affidavit based on Trooper Bock's failure to give him a Miranda warning. The hearing officer sustained the objection, as to the crash report, and said that she would not consider any of Silva's statements which appeared in other documents, including the probable cause affidavit. Following the hearing, Silva's license suspension was upheld by the Department's Bureau of Administrative Reviews. Among its findings of fact, the final order of suspension notes Silva's refusal of medical treatment, indicating that the hearing officer did in fact consider the privileged statement in reviewing the license suspension.
Silva's subsequent petition for writ of certiorari was granted by the circuit court. In granting the petition, the circuit court made the following findings:
There was no competent, substantial evidence to support the Hearing Officer's finding that Mr. Silva was driving or in actual physical control of a motor vehicle in violation of 316.193, Fla. Stat., on or about August 1, 2000. Statements made by Mr. Silva should not have been admitted without evidence of Miranda warnings. Although there was clearly suspicion that Mr. Silva was the driver, the circumstances did not rise to the level of probable cause.
On certiorari review of agency action, the circuit court must determine 1) whether the agency afforded the parties procedural due process, 2) whether the essential requirements of the law were observed, and 3) whether the agency's action is supported by competent, substantial evidence. See Haines City, 658 So.2d at 530; Dep't of Highway Safety & Motor Vehicles v. Haskins, 752 So.2d 625, 626-27 (Fla. 2d DCA 1999). This court's review of a circuit court's ruling on a petition requires that we determine whether the circuit court afforded procedural due process and applied the correct law. See 658 So.2d at 530. With respect to the second prong of our inquiry, we find that the circuit court erred by applying the incorrect law. Rather than limiting its inquiry to whether there was competent, substantial evidence to support the hearing officer's findings, the circuit court applied the incorrect law by reviewing the evidence de novo. This was error. See Haskins, 752 So.2d at 627 (holding that circuit court erred in forming its own opinion about the evidence without giving deference to the hearing officer's findings); Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995) (finding the circuit court erred by reweighing evidence and substituting its judgment for that of the hearing officer). As in Haskins *554 and Favino, in the present case, the circuit court exceeded its scope of review by making an independent probable cause determination.
We will avoid the error of substituting our own probable cause determination for that of the circuit court; nevertheless, we observe that the circumstances surrounding the accident, together with the arresting officer's observations, provided ample probable cause for Silva's DUI arrest. As the First District noted in Favino, 667 So.2d at 308, probable cause exists "where the facts and circumstances, as analyzed from the officer's knowledge ... and practical experience ... are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed." In this case the facts and circumstances surrounding the incident would lead a reasonable man to believe that Silva was driving the motorcycle found lying on the road shoulder next to him. It has been said that probable cause is a conclusion often drawn from "reasonable inferences." Id. (citing State v. Cote, 547 So.2d 993 (Fla. 4th DCA 1989)). In order to find that the hearing officer's probable cause determination was unsupported by competent, substantial evidence, the court necessarily ignored all "obvious implications" and reasonable inferences to be drawn from the surrounding circumstances and the arresting officer's observations. Favino, 667 So.2d at 308.
Accordingly, we grant the Department's petition and quash the circuit court's order reinstating Silva's driving privilege.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Section 316.066(4), Florida Statutes (2000) provides:

Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the crash if that person's privilege against self-incrimination is not violated. The results of breath, urine, and blood tests administered as provided in s. 316.1932 or s. 316.1933 are not confidential and shall be admissible into evidence in accordance with the provisions of s. 316.1934(2). Crash reports made by persons involved in crashes shall not be used for commercial solicitation purposes; however, the use of a crash report for purposes of publication in a newspaper or other news periodical or a radio or television broadcast shall not be construed as "commercial purpose."