PER CURIAM.
We have before us a petition for writ of certiorari filed by the Department of Highway Safety and Motor Vehicles (DHSMV). Even taking into consideration the very narrow scope of review that applies to this court when reviewing a circuit court’s order granting certiorari, we have no alternative but to grant the writ.
In the order below, the circuit judge entered a writ of certiorari that quashed a final order of license suspension issued by the DHSMV. In our review of the circuit court’s order, we are limited to asking whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. See Educ. Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla.1989); Dep’t of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995). Here, the circuit court failed to apply the correct law.
Specifically, the judge below found “the hearing officer departed from the essential *829 requirements of law by failing to allow defense counsel to question the officer about the validity of his radar after the officer testified to [Nelson’s] speed according to his radar.” Evidently, the circuit judge was under the impression that the arresting officer should not have been allowed to testify concerning Nelson’s speed “unless the proper predicate [was] laid pursuant to § 316.1905 and § 316.1906, Florida Statutes.” The court apparently overlooked the fact that the prohibitions concerning admissibility of certain radar speed measuring devices are applicable “in any proceeding with respect to an alleged violation of provisions of law regulating the lawful speed of vehicles.... ” § 316.1906(2), Fla. Stat. (2000). Although the trooper did testify to speed at Nelson’s suspension hearing, that proceeding did not concern unlawful speed, but rather the implied consent law. Moreover, the trooper’s testimony at the implied consent hearing indicated that he had ample probable cause to suspect that Nelson was operating an automobile while under the influence of alcohol.
The circuit court issued the writ of cer-tiorari because, in the court’s opinion, the hearing officer erred by not allowing Nelson’s lawyer to elicit certain predicate testimony from the officer concerning the officer’s radar equipment. In making this ruling, the circuit court mistakenly relied upon the above-referenced statutes. But for the mistaken reliance upon these statutes, the circuit court could not have issued a writ of certiorari because that court’s review was limited to whether the administrative proceedings accorded procedural due process, observed the essential requirements of law, and were supported by competent substantial evidence. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). Nowhere in the order granting certiorari does the circuit judge contend that the essential requirements of law were not met other than by the purported, but unsubstantiated, error in the administrative proceeding concerning the arresting officer’s radar equipment.
We GRANT the writ of certiorari and QUASH the order below. DHSMV’s final order of license suspension is reinstated.
KAHN, WEBSTER, and DAVIS, JJ., concur.