824 So.2d 966 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Candace CURRIER, Respondent.
No. 1D02-42.
District Court of Appeal of Florida, First District.
August 20, 2002.
*967 Enoch J. Whitney, General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Petitioner.
No appearance for Respondent.
ERVIN, J.
The Department of Highway Safety and Motor Vehicles seeks common law certiorari review of the circuit court's order granting a writ of certiorari to respondent Candace Currier and reinstating her driver's license, which had been suspended after she refused to take a breath test following arrest for driving under the influence. Because we conclude that the circuit court failed to apply the correct law with respect to its review of the suspension order issued by the Department's hearing officer (HO), we grant the petition and quash the circuit court's order.
In that agencies are given powers only explicitly delegated to them by the legislature, or reasonably implied therefrom, the circuit court, in exercising its certiorari review over an administrative order, must necessarily be cognizant of the authority conferred on an HO in a license-suspension hearing. Section 322.2615(7), Florida Statutes (2001), directs the HO to determine whether a preponderance of the evidence supports the license suspension based upon the following issues:
(b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
4. Whether the person was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
As applied to the instant case, the critical question for resolution before the HO was whether the arresting officer had probable cause to believe Currier had been driving while under the influence.[1]
In issuing the writ of certiorari, the court ruled as follows:
The record is devoid of any competent substantial evidence that the petitioner was driving. The "fellow officer" rule does not apply to the facts and circumstances in this case. The finding of the hearing officer that an unidentified witness told Officer DiFranza that the petitioner was the driver of the car in the hit and run accident was based on either *968 no evidence or inadmissible hearsay. The hearing officer departed from the essential requirements of law by sustaining the suspension in the absence of any competent substantial evidence that the petitioner was the driver.
By so deciding, the circuit court failed to take into consideration its limited review powers over the HO's suspension order. As we observed in Department of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995), in reviewing an administrative order by certiorari, the circuit court must determine (1) whether the agency accorded procedural due process; (2) whether the agency observed the essential requirements of law; and (3) whether the administrative findings and judgment are supported by competent substantial evidence (CSE).
Our certiorari review power over the circuit court's order is limited to deciding whether the circuit court afforded procedural due process and applied the correct law. Id. at 308. It is apparent from our examination of the record that the circuit court's rejection of the Department's suspension order for the reason that no CSE had been presented that Currier was the driver of the automobile was based on an incorrect application of the law.
In our judgment, the lower court misapplied the law by failing to take into proper account the evidence submitted at the hearing which the HO was required by law to consider in resolving such issue, specifically the arrest report and the field sobriety report, which were offered into evidence without objection. This evidence was appropriately admitted pursuant to section 322.2615(2), which directs an arresting officer to submit various documents to the Department, and section 322.2615(11), which permits "[t]he formal review hearing [to] be conducted upon a review of the reports of a law enforcement officer or a correctional officer, including documents relating to the administration of a breath test or blood test or the refusal to take either test." Florida Administrative Code Rule 15A-6.013(2)(e) further authorizes the HO to consider any report submitted by a law enforcement officer related to the person's arrest, including "[t]he officer's alcohol influence report or a description of the field sobriety test."
In the arrest and booking report, prepared by Officer DiFranza, the following notation is made: "Upon my arrival Sgt. M. Bozeman had detained this suspect in the 800 block of W. 8th Street as she attempted to leave the scene of an accident." The field sobriety report submitted by Officer DiFranza recited that Sergeant Bozeman had observed the vehicle "quickly attempt to leave scene of accident," and that, when stopped, the driver "needed assistance to exit her vehicle." Obviously, these documents reasonably revealed Currier as the operator of the automobile. Under the fellow-officer rule, a law-enforcement officer may develop probable cause to arrest based in part on information known to another officer. Dep't of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32 (Fla. 2d DCA 2001). Officer DiFranza had received information relating to Currier's use of the vehicle from Sgt. Bozeman, who was the first law enforcement officer at the scene.
In addition to the above documentary evidence, the HO received the following witness testimony: Officer Di-Franza testified that she had been called to the scene of a hit and run in Jacksonville and upon her arrival, she found Sgt. Bozeman detaining Currier, who was unable to stand on her own. Sgt. Bozeman had stopped the operator of the car he believed was the hit-and-run suspect, and *969 told DiFranza that "this looked like the car." DiFranza said a witness had identified the car involved in the hit and run, as stated in her accident report. DiFranza asked Currier whether she needed the medical rescue unit and Currier said she was not hurt and had instead had too much to drink. Bozeman and DiFranza helped Currier walk to DiFranza's patrol car and into the back seat. DiFranza read her the Miranda rights, which Currier seemed to understand, and arrested her for DUI, whereupon Currier passed out in the back seat. There were beer bottles all over Currier's car, both empty and full. After Currier's vehicle was towed from the middle of the roadway, DiFranza drove to the station and booked her, whereupon Currier refused to take the breath test after being informed of the penalty of suspension. The evidence in the record clearly established that Currier was operating her car while grossly intoxicated. The circuit court reweighed the evidence and applied the law incorrectly, substituting its judgment for that of the HO.
The analysis provided in Favino is altogether applicable to the case at bar. Although the HO in Favino had concluded that the arresting officer possessed probable cause to believe that the vehicle's operator had been driving under the influence, the circuit court issued a writ of certiorari reinstating the driver's license. This court quashed the order, concluding that the circuit court must have reweighed the evidence and substituted its findings for those of the HO. In so deciding, we observed that despite the lack of any witness testimony at the hearing showing that Favino was driving his automobile under the influence of alcohol, there was nonetheless sufficient, competent evidence in the form of documentary evidence to sustain the license suspension. The opinion made the following pertinent observations:
Clearly, the facts and circumstances were sufficient for a reasonable person to conclude that Favino operated his motor vehicle while under the influence of alcohol, given the unchallenged observations of the officer shortly after the accident occurred and given the circumstances surrounding the accident. The hearing officer found by a preponderance of evidence that such probable cause existed, and there was competent, substantial evidence to support that finding.
Favino, 667 So.2d at 309.
Similarly, in the case at bar, in addition to the officer's testimony, both the arrest and booking report and the field sobriety report disclose that Sgt. Bozeman observed Currier driving her car and had to help her out of it, and that Officer DiFranza knew Currier had been driving. Di-Franza testified that Currier's car was in the middle of the roadway and that Currier was so intoxicated that she passed out in the back of the patrol car. Whether Currier was involved in the hit and run was irrelevant to the determination that she was driving while under the influence. The circuit court misapplied the law by rejecting the fellow-officer rule and by concluding that the hit-and-run accident had any relevancy to the HO's decision that Currier had operated her vehicle while intoxicated.
WRIT GRANTED and ORDER QUASHED.
WOLF and PADOVANO, JJ., concur.
NOTES
[1] The evidence is clear that Currier declined a breath test, and the court made no finding that she had not been given the appropriate warnings required by law.