989 So.2d 692 (2008)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Jose SARMIENTO, Respondent.
No. 4D08-1632.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
*693 Robin F. Lotane, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Lake Worth, for petitioner.
John H. Lipinski, Pembroke Pines, for respondent.
STEVENSON, J.
We deny this second-tier certiorari petition filed by the Department of Highway Safety and Motor Vehicles (DHSMV). DHSMV challenges a final circuit court order granting certiorari in favor of respondent, Jose Sarmiento, and quashing the order of the DHSMV that had affirmed the suspension of Sarmiento's driver's license for refusal to submit to a breath test. We find that the circuit court correctly applied the competent substantial evidence standard of review when it held that the evidence at the hearing was "undisputed" that Sarmiento's vehicle was inoperable.
A circuit court order on review of an administrative action is reviewable in the district court by certiorari. See Fla. R.App. P. 9.030(b)(2)(B); Sheley v. Fla. Parole Comm'n, 720 So.2d 216, 217 (Fla. 1998). "As a case travels up the judicial ladder, review should consistently become narrower, not broader." Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The standard of review applicable to circuit court review of an administrative decision is: "(1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence." Id. The standard of review for certiorari in the district court eliminates the competent substantial evidence component and is "limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Id. A district court should grant second-tier certiorari review of an appellate circuit court decision only when there has been "`a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Id. at 529 (quoting Combs v. State, 436 So.2d 93, 96 (Fla. 1983)). Certiorari review of a circuit court appellate decision is narrow and must not be utilized as a means for obtaining a second appeal. Id.; City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982).
In a per curiam decision issued by a panel of three judges, the circuit court determined that it was improper for the DHSMV to suspend Sarmiento's license for failing to take a breath test. After quoting section 316.1932(1)(a), Florida Statutes, the circuit court wrote:
It is clear that the statute implies consent to a breath test when any person accepts the privilege of operating a motor vehicle in Florida. However, the statutorily created implied consent only applies if the person is arrested while *694 driving or while in actual physical control of a motor vehicle.
To be in control of a motor vehicle, the vehicle must be operable. Jones v. State, 510 So.2d 1147, 1149 (Fla. 1st DCA 1987) (finding a lack of actual physical control where vehicle was found to be inoperable so that it could not be moved except by an outside agency). The record establishes that the vehicle at issue was inoperable. Therefore, the statutory implied consent contained in Florida Statute § 316.1932(1)(a) does not apply and the suspension of the petitioner's license must be set aside.
We hold that the circuit court afforded procedural due process and applied the correct law. Moreover, a miscarriage of justice has not occurred. In considering section 316.1932(1)(a) and Jones v. State, the circuit court applied the correct substantive law pertaining to the underlying issues. Furthermore, we do not conclude that the circuit court failed to apply the "competent substantial" evidence standard when it held that the evidence was "undisputed at the hearing that the vehicle was, in fact, inoperable." This is equivalent to holding that no competent substantial evidence was present to support a finding that the vehicle was operable.
The circuit court, in its written opinion, did not expressly address the hearing officer's alternate finding that the law enforcement officer had probable cause to believe that Sarmiento had been driving. We will not presume that the circuit court failed to apply the competent substantial evidence standard when, by its holding, it resolved that issue adversely to the DHSMV. While the DHSMV argues that circumstantial evidence supports a finding that Sarmiento drove the car while it was operable, second-tier certiorari review does not empower this court to determine if competent substantial evidence was presented at the agency level.[1] That is unquestionably the function of the circuit court's initial certiorari review.
Accordingly, the petition for certiorari is denied.
HAZOURI, J., concurs.
WARNER, J., dissents with opinion.
WARNER, J., dissenting.
I dissent from the denial of this petition for writ of certiorari seeking second-tier review of a circuit court order granting relief in favor of respondent Jose Sarmiento. The circuit court quashed an order of the Department of Highway Safety and Motor Vehicles suspending Sarmiento's license for refusal to submit to a breath test. The circuit court held that because the vehicle was inoperable, the statutory implied consent contained in section 316.1932(1)(a), Florida Statutes, did not apply. Because the circuit court failed to apply the correct law by reweighing the evidence, I would grant the petition and quash the order.
Following Sarmiento's arrest for driving under the influence, he requested a formal administrative review of his license suspension pursuant to section 322.2615(1)(b)3., Florida Statutes. After *695 an evidentiary hearing, the Department hearing officer made findings of fact that Boca Raton Police Officer Eric Genden responded to a call regarding a disabled vehicle and observed a vehicle matching the description with two left tires blown out, the keys in the ignition, the vehicle running, and Sarmiento in the driver's seat. Officer Genden observed Sarmiento had a strong odor of alcohol on his breath, bloodshot eyes, and was unable to maintain his balance. The hearing officer found that Sarmiento refused to perform field sobriety tests and a urine, blood, or breath test for alcohol level. Fellow Officer Lyman, who arrived at the scene as backup, read the implied consent law to Sarmiento and he maintained his refusal.
The hearing officer determined by a preponderance of the evidence that sufficient cause existed to sustain Sarmiento's suspension. Specifically, the hearing officer found that Officer Genden had probable cause to believe that Sarmiento "was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages." The Department informed Sarmiento in an order dated August 29, 2007 that the suspension of his driving privileges was affirmed.
Sarmiento filed a petition to review with the circuit court. In a written opinion, the court noted that the implied consent law applies only if the person refusing consent was arrested "while driving or while in actual physical control of a motor vehicle." The court held that to be in control of a motor vehicle requires an operable vehicle. Concluding that the record established that the vehicle at issue was inoperable, the court quashed the order.
On review of administrative action, the circuit court "must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence." City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). However, in this case, as in Broward County v. G.B.V. International, Ltd., 787 So.2d 838 (Fla. 2001), "instead of simply reviewing the record to determine inter alia whether the [Department's] decision was supported by competent substantial evidence, the court combed the record and extracted its own factual finding. The court thus exceeded the scope of its authority under Vaillant." Id. at 845. See also Dep't of Highway Safety & Motor Vehicles v. Silva, 806 So.2d 551 (Fla. 2d DCA 2002) (circuit court exceeded its scope of review by making an independent probable cause determination in certiorari review of license revocation order).
The circuit court did not abide by this limitation when it determined that the record supported a finding that the vehicle was inoperable. The hearing officer had determined that Sarmiento was driving or in physical control of the vehicle, and the circuit court found that the vehicle was inoperable. A finding that the vehicle was inoperable is contrary to a finding that Sarmiento was driving the vehicle.[1] The court did not review the *696 record to determine the evidence supporting the Department's decision. It reviewed and determined that there was evidence to the contrary.
Because the circuit court exceeded its scope of review, it applied the incorrect law. I would grant the petition and quash the order of the circuit court.
NOTES
[1] Whether there was competent substantial evidence to support the DHSMV's finding that probable cause existed to believe that Sarmiento drove the car was debatable. Sarmiento's vehicle was legally parked in a parking lot with its two left tires blown out and its axle hanging down. Although the engine was running, the automotive service advisor testified that the vehicle could not have been moved an inch. Despite the presence of lubricants in the power train, neither the police officers nor the automotive service advisor was able to offer an opinion as to when or how the car may have gotten to the parking lot or how long it had been there.
[1] Although the circuit court did not set forth what evidence supported its position, the only evidence in the record from which that finding can be made is the evidence from the towing company operator who removed the vehicle. The witness testified that when he observed the vehicle after the incident, it was inoperable. There was damage to the vehicle with the tires blown out and the axle hanging out of the transmission. It was fresh damage, as all of the transmission fluid was still evident. This is in no way inconsistent with the hearing officer's finding that the evidence supported the fact that the officer had probable cause to believe that Sarmiento was driving the vehicle as its engine was still running when the officer approached.