MORRIS, Judge.
The Department of Highway Safety and Motor Vehicles (the Department) seeks certiorari review of a circuit court order quashing the Department’s order affirming James Rose’s driver’s license suspension. The Department raises several arguments, but we find merit in only one. Accordingly, we grant the petition and quash the circuit court’s order.
Rose was arrested for DUI and refused to submit to a breath test. His license was suspended pursuant to section 322.2615(1), Florida Statutes (2010). Rose requested a formal hearing under section 322.2615(6), and the hearing officer found that the arresting officer had probable cause to believe that Rose was driving a car while under the influence of alcohol. The hearing officer therefore affirmed Rose’s license suspension. Rose sought certiorari review in the circuit court, and the circuit court quashed the hearing officer’s order, concluding that the hearing officer departed from the essential requirements of law in deciding that probable cause existed that Rose was under the influence of alcohol.
This court’s scope of review in this second-tier certiorari proceeding “is limited to whether the circuit court (1) afforded procedural due process [ ] and (2) applied the correct law.” Miami-Dade Cnty. v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003).
The issue before the hearing officer was “[wjhether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.” § 322.2615(7)(b)(l) (emphasis added). A *24 determination of probable cause to arrest for DUI is based on several factors. Mathis v. Coats, 24 So.3d 1284, 1288 (Fla. 2d DCA 2010).
While the odor of alcohol on a driver’s breath is considered a critical factor, other components central to developing probable cause may include the defendant’s reckless or dangerous operation of a vehicle, slurred speech, lack of balance or dexterity, flushed face, bloodshot eyes, admissions, and poor performance on field sobriety exercises.
State v. Kliphouse, 771 So.2d 16, 23 (Fla. 4th DCA 2000) (footnote omitted).
On certiorari review to the circuit court, “[t]he relevant issue ... was whether there was competent, substantial evidence to support the hearing officer’s factual finding of probable cause.” Dep’t of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305, 308-09 (Fla. 1st DCA 1995). The circuit court was not permitted to “reweigh [ ] the evidence and substitute [ ] [its] judgment for that of the hearing officer.” Id. at 309 (holding that “by rejecting the hearing officer’s findings when there was competent, substantial evidence in the record to support these findings,” circuit court improperly reweighed the evidence). When the circuit court reweighs the evidence, it fails to apply the correct standard of review and thus fails to apply the correct law. Id. This court has stated that “the circuit court exceed[s] its scope of review by making an independent probable cause determination” after reviewing the evidence de novo. Dep’t of Highway Safety & Motor Vehicles v. Silva, 806 So.2d 551, 554 (Fla. 2d DCA 2002) (holding that circuit court improperly rejected trial court’s findings and made its own determination that no probable cause existed); see also Dep’t of Highway Safety & Motor Vehicles v. Haskins, 752 So.2d 625, 627 (Fla. 2d DCA 1999) (holding that circuit court applied the incorrect law when it “reviewed the evidence and formed its own opinion, without deference to the findings of the hearing officer”).
In ruling that the evidence did not support the hearing officer’s probable cause determination, the circuit court focused only on the hearing officer’s findings regarding the lack of an odor of alcohol, Rose’s bloodshot and watery eyes, and Rose’s slow movements. However, the circuit court ignored the hearing officer’s finding that “[f]ield [s]obriety [t]ests were conducted which indicated further cues of impairment.” The evidence at the hearing indicated that certain field sobriety tests were administered and that Rose demonstrated additional signs of impairment during those exercises.[1] Yet the circuit court’s order did not address or consider these other exercises that were properly considered by the hearing officer. By ignoring or overlooking the evidence of these other field sobriety tests and the hearing officer’s findings in that regard, the circuit court improperly reweighed the evidence and therefore applied the incorrect law. See Silva, 806 So.2d at 554; Haskins, 752 So.2d at 627; Favino, 667 So.2d at 309.
We also point out that the circuit court’s order states that the arresting officer “would have had to have detected an odor *25 of alcohol” in order for the arresting officer to have had probable cause to believe that Rose was impaired. While the odor of alcohol is “significant,” it is not required and is merely a factor among many that may indicate impairment. See Mathis, 24 So.3d at 1288, 1286 (holding that probable cause existed for the arrest of driver where driver “did not smell of alcohol” but officer observed other signs of impairment).
Because the circuit court exceeded its scope of review by reweighing the evidence, we grant the Department’s petition for writ of certiorari and quash the circuit court’s order.
Petition granted; order quashed.
DAVIS and KHOUZAM, JJ., Concur.

. The circuit court properly concluded that evidence of the horizontal gaze nystagmus (HGN) test should not have been considered by the hearing officer. See State v. Meador, 674 So.2d 826 (Fla. 4th DCA 1996). But there was evidence of other field sobriety tests. The Tampa Police Department DUI report indicates that Rose failed to maintain balance, stepped off the line, swayed while balancing on one leg, noticeably swayed during the alphabet test, and noticeably swayed while counting backwards. The report indicates that these observations were captured on video, and the video was admitted at the hearing and was watched by the hearing officer.