HOBSON, Chief Judge.
Appellee Smith was arrested and charged with driving while under the influence of alcoholic beverages, while affected to the extent that his normal faculties were impaired contrary to Section 317.201, Florida *729 Statutes, F.S.A. While in custody appellee was asked to take a Breathalyzer test and was informed that his refusal to submit to the test could result in the revocation of his license. Smith refused to take the Breathalyzer test and instead insisted on a blood test. As there was no one available who was qualified to withdraw blood, no test whatsoever was given to determine the alcohol content of appellee’s blood.
The charges against Smith were dismissed by the court below upon motion by appellee. The reasoning underlying the dismissal was that an accused individual is entitled to select which test he would have administered to himself under Section 322.-261(1) (g), Florida Statutes, F.S.A., which provides:
“Any person arrested for any offense allegedly committed while the person was driving a motor vehicle while under the influence of alcoholic beverages may request the arresting officer to have a chemical test made of the arrested person’s breath, blood, saliva, or urine for the purpose of determining the alcoholic content of such person’s blood, and, if so requested, the arresting officer shall have the test performed.” (emphasis added.)
We do not agree with the trial court’s interpretation of the above-quoted statute. It is readily apparent that the legislature intended to afford an individual charged with driving while under the influence of alcohol the benefit of a chemical test in order that he might be able to present exculpatory evidence at a subsequent trial on the charges. However, it would be unreasonable to find that the legislature further intended that an accused have an unqualified right to select which of the four tests would be administered. Such a finding of legislative intent would afford individuals arrested in rural areas of the state or those apprehended late at night an opportunity to demand one of the four enumerated tests which could not be administered by the arresting officers and which could not be administered by qualified personnel within a reasonable time. The delineation of the four distinct tests was intended to specify those which may be administered once the accused makes a request for “a chemical test.”
The trial court’s dismissal with prejudice is reversed and the cause is remanded for further proceedings.
LILES, J., concurs.
MANN, J., dissents with opinion.