702 So.2d 584 (1997)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Kevin E. GREEN, Respondent.
No. 97-01765.
District Court of Appeal of Florida, Second District.
November 26, 1997.
Enoch J. Whitney, General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Petitioner.
William C. Gregg, III, Clearwater, for Respondent.
*585 ALTENBERND, Judge.
The State of Florida, Department of Highway Safety and Motor Vehicles (the Department), seeks certiorari review of a circuit court order that quashed the Depart ment's suspension of Kevin E. Green's driving privileges. Mr. Green declined to take a breath test after being stopped by a deputy sheriff for driving under the influence of alcohol (DUI). Instead, he offered to take a blood test and requested assistance from the arresting officer. The circuit court ordered the Department to conduct a hearing in accordance with Unruh v. State, 669 So.2d 242 (Fla.1996). Essentially, the circuit court held that a driver's license cannot be administratively suspended under the im plied consent statute unless the arresting officer assists the driver to obtain a blood test after the driver has refused to take a breath test. We conclude that the circuit court misconstrued section 322.2615(7)(b)3, Florida Statutes (1995), and that such error is a departure from the essential requirements of the law. Because the circuit court's written decision could affect many other administrative proceedings involving the suspension of driver's licenses in the Sixth Circuit, we conclude that the error warrants correction on certiorari review. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 531 (Fla.1995); Stilson v. Allstate Ins. Co., 692 So.2d 979 (Fla. 2d DCA 1997).
There was no transcript of an evidentiary hearing in the circuit court's record. Thus, the facts relied upon by the circuit court were obtained from the Department's administrative order and from the deputy's arrest report. The Department's order reflects that Mr. Green's car was observed weaving on 151st Avenue and Gulf Boulevard in Pinellas County on August 23, 1996, at 2:34 a.m. A deputy stopped Mr. Green, noticed his eyes were bloodshot, smelled alcohol on his breath, and observed he was unsteady on his feet. Mr. Green failed a standard set of roadside sobriety tests. The deputy arrested Mr. Green and took him to Pinellas County's central breath testing unit. An officer asked Mr. Green to take a breath test and provided the standard implied consent warning. Mr. Green refused to perform the breath test.
The arresting officer's written report states that Mr. Green requested an independent blood test after refusing to take the breath test. He was advised that once he was taken to the booking section he would have the opportunity to contact any laboratory he selected to obtain an independent blood test. The deputy cited Mr. Green for DUI and suspended his license for refusal to take the breath test. In his argument, Mr. Green alleges that he never received assistance in obtaining a telephone book or telephone in order to contact a laboratory. We assume the truth of this allegation, but the record is silent on this issue.
The Department hearing officer determined by a preponderance of the evidence that sufficient cause existed to sustain Mr. Green's license suspension for refusal to take the breath test. The Department sent Mr. Green an order dated September 27, 1996, stating that his driving privileges would be suspended for one year. The circuit court reviewed that order and set it aside based on its reading of section 322.2616(7)(b)3 and Unruh, 669 So.2d 242.[1]
Because Mr. Green's license was suspended for refusal to submit to a breath test, only four issues were material at the administrative hearing:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer or correction officer.
4. Whether the person was told that if he refused to submit to such test his privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the *586 case of a second or subsequent refusal, for a period of 18 months.
§ 322.2615(7)(b), Fla. Stat. (1995).
The only issue before the trial court and this court is the correctness of the hearing officer's resolution of the third issue. Mr. Green argues that he had the right to select the test of his choice and the officer was obligated to assist him in obtaining that test. Because he was willing to submit to a blood test, he maintains that he did not refuse "to submit to any such test after being requested to do so by a law enforcement officer." The Department argues that the officer has the right to select the initial test, and that, at most, Unruh requires the officer to assist the driver in obtaining a blood test after the driver has taken the test selected by law enforcement.
Unruh was a criminal proceeding in which the supreme court suppressed a breath test because the police failed to comply with section 316.1932(1)(f)3, Florida Statutes (1991). Assuming that Unruh applies in the administrative context, there still is no question that its holding is limited to circumstances in which the driver complies with the arresting officer's request and then wishes to obtain a second test. See, e.g., State v. Coviello, 4 Fla. L. Weekly Supp. 186 (Fla. Palm Beach Cty. Ct.1996) (under section 316.1932(1)(f)3, driver who refuses to submit to test requested by law enforcement, but agrees to independent blood test, is not entitled to assistance in obtaining independent test); see also Sheeran v. State, 2 Fla. L. Weekly Supp. 139 (Fla. 15th Cir.Ct.1994) (right to additional blood test is conditional upon defendant having first taken breath test); cf. State v. Kilpatrick, 4 Fla. L. Weekly Supp. 176 (Fla. 15th Cir.Ct.1996) (defendant who intentionally fails breath test does not have right to assistance in obtaining additional blood test).
A fair reading of sections 316.1932 and 322.2615 makes it clear that a driver is deemed to have consented to "an approved chemical test or physical test" "administered at the request of a law enforcement officer."[2] It is the officer who "re quests" the test, not the driver who selects it. Thus, Mr. Green had no right to demand a blood test instead of a breath test. At least one circuit court has reached this same conclusion in a certiorari proceeding comparable to this case. See Carroll v. State, Dep't of Hwy. Safety & Motor Vehicles, 2 Fla. L. Weekly Supp. 139 (Fla. 12th Cir.Ct.1993).
Under an earlier DUI statute, this court held that a driver did not have the right to select one of the four tests then available. State v. Smith, 241 So.2d 728 (Fla. 2d DCA 1970). Although the language of the statutes has been revised many times since 1970, we conclude that the outcome remains the same.
Because there is no dispute that competent, substantial evidence supported the Department's finding that Mr. Green refused to take an approved breath test after being requested to do so, the circuit court should have upheld the suspension order. Accordingly, we grant the Department's petition and vacate the trial court's order.
Petition for writ of certiorari granted and order vacated.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] This rather complex administrative process for suspension is described in greater detail in State, Dep't of Highway Safety v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992).
[2] There is no argument in this case that the breath test was not an approved test. See Fla. Admin. Code R. 11D-8.