PER CURIAM.
The State of Florida, Department of Highway Safety, seeks certiorari review of a circuit court order quashing the Department’s order upholding the suspension of Michelle A. Anthol’s driver’s license resulting from her arrest for driving with an unlawful blood-alcohol level. The circuit court found that the administrative hearing officer improperly considered an un-sworn report prepared by the Florida Department of Law Enforcement containing the results of Anthol’s blood-alcohol test. The circuit court based its finding on the fact that the FDLE report was not in conformity with FDLE Form 15, a blood-alcohol analysis affidavit requiring the analyst’s signature to be notarized. We conclude that the circuit court misconstrued section 322.2615, Florida Statutes (1997), and Florida Administrative Code Rule 15A-6.013, which govern the admissibility of reports at administrative review hearings for license suspensions. Because the circuit court’s written decision could affect many other administrative proceedings involving the suspension of drivers’ licenses, we grant certiorari relief. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Department of Highway Safety & Motor Vehicles v. Green, 702 So.2d 584, 585 (Fla. 2d DCA 1997); State, Dep’t of Highway Safety & Motor Vehicles v. Shonyo, 659 So.2d 352, 353 (Fla. 2d DCA 1995).
Section 322.2615(11) provides that a “formal review hearing may be conducted upon a review of the reports of a law enforcement officer or a correctional officer, including documents relating to the administration of a breath test or the refusal to take either test.” This provision permits the use of written reports and documents as evidence in a formal review hearing. See also § 322.2615(2) (requiring law enforcement officers to forward to the Department, within five days of the date of arrest, “the results of any breath or blood test”). It does not require the reports and documents to be in affidavit form. *814 Instead, it permits the driver to “subpoena the officer or any person who administered or analyzed a breath or blood test.” § 322.2615(2).
Rule 15A-6.013(2), which implements, in part, section 322.2615, similarly provides that, in a formal administrative review proceeding, the hearing officer shall consider “any report or photocopies of such report submitted by a law enforcement officer, correctional officer or law enforcement or correctional agency relating to the arrest of the driver, the administration or analysis of a breath or blood test....” While the rule acknowledges that the hearing officer may consider Form 15, it provides, alternatively, that “the results of any breath or blood test documenting the driver’s alcohol level” may be considered. Rule 15A-6.013(2)(e). The rule does not require the results of “any breath or blood test” to be in affidavit form. Further, it provides that “[n]o extrinsic evidence of authenticity as a condition precedent to admissibility is required” for the results. Rule 15A-6.013(2).
We conclude that section 322.2615 and rule 15A-6.013 permit consideration of reports, other than Form 15, relating to the results of blood-alcohol tests that are not in affidavit form at a formal administrative review hearing. We contrast these provisions with section 316.1934(5), which requires an “affidavit containing the results of any test of a person’s blood or breath” for admissibility at trial of a civil or criminal proceeding arising out of acts allegedly committed by a person while driving under the influence of alcohol.
The circuit court misconstrued section 322.2615 and rule 15A-6.013 when it required the Department to comply with the more stringent admissibility requirements for blood-alcohol results in a civil or criminal trial, rather than the more relaxed requirements for administrative review of license suspensions. The hearing officer properly considered the FDLE report offered by the Department in upholding An-thol’s license suspension. That report certified compliance with chapter 11D-8, Florida Administrative Code, which sets forth the standards for the Department’s blood-alcohol testing program, and showed that Anthol’s blood-alcohol level was above the legal limit.
We accordingly grant the Department’s petition for writ of certiorari and quash the circuit court’s order. We direct the circuit court to issue an order reinstating the hearing officer’s determination upholding the suspension of Anthol’s driving privileges.
THREADGILL, A.C.J., and FULMER and STRINGER, JJ., Concur.