W. SHARP, J.
The State of Florida Department of Highway Safety & Motor Vehicles (Department) seeks certiorari review of an order of the circuit court, sitting in its appellate capacity. The circuit court below granted a petition for writ of certiorari filed by Farr and overturned the Department’s suspension of his driver’s license. In so doing the circuit court relied on State v. Deines, No. 96-51 (Fla. 18th Cir.Ct. Sept. 29, 1999), which holds that the denial *551 of two criminal defendants’ requests to speak to an attorney after they were arrested for DUI, and after they refused to submit to a breath test, deprived them of due process, and justified the suppression of the fact they refused to submit to a breath test at trial. Because we think Deines is not oh point or controlling in this case, we grant the writ and quash the decision below.
The record discloses that on September 24, 1997, at 2:53 a.m., Deputy Thompson observed Farr driving his vehicle in such a manner it failed to stay within one lane of traffic. He stopped Farr, and noticed the odor of alcoholic beverages, coming from Farr’s vehicle and Farr himself. He also noted Farr’s eyes were watery, bloodshot and glassy. Farr moved lethargically while looking for his registration, and after leaving his vehicle, was unsteady on his feet. The Deputy observed an open container of an alcoholic beverage in the car.
Deputy Thompson asked Farr to perform various field sobriety tests. Farr performed poorly. He swayed when standing, used his arms to maintain balance, could not follow directions and could not maintain his balance. The Deputy placed Farr under arrest for DUI and transported him to the John E. Polk Correctional Center in- Seminole County, Florida.
At the Center, events involving Farr were videotaped. He was read his implied consent warnings, but refused to take a breath test. Farr testified that after his refusal, he requested the use of a telephone to call an attorney. However he was not permitted use of a telephone until 10:30 a.m. the next morning.
After Farr refused to take the breath test, Deputy Thompson issued Farr a DUI citation for refusal and suspended his driving privilege, pursuant to section 322.2615(l)(a), Fla. Stat. (1997).[1] The citation served as a temporary permit and a notice, of suspension of Farr’s license. Farr was also cited for failure to maintain a single lane,[2] possession of alcohol by a minor,[3] and for having an open container of alcohol in his vehicle.[4]
With regard to the civil matters, the Deputy timely filed his paperwork with the clerk .of the Bureau of Administrative Reviews. . Pursuant to section 322.2615(l)(b)(3), Fla. Stat. (1997), Farr requested a formal review of his driver’s license suspension, seeking to set aside the suspension based on the refusal of law enforcement to provide him with a telephone, after he requested access to an attorney and after he had refused to take the breath test. The hearing officer determined the preponderance of the evidence supported suspension of Farr’s drivers li-cénse, and sustained it' for a period of one year.
Fan’ filed a petition for writ of certiorari in the circuit court to review the hearing *552 officer’s ruling.[5] As noted above, the circuit court overturned the hearing officer’s order which sustained suspension of Farr’s drivers license on the basis of Deines. Whether or not Deines was correctly decided (which we do not purport to address in this case), we do not think it has any application to this case.
The suspénsion of a driver’s license for refusal to take a breath test under the circumstances involved in this case resulted not from any violation of the driver’s due process rights, but rather from the agreement the driver entered into with the state, when he accepted his license and the privilege to operate a vehicle on the highways of the State. Pursuant to that agreement,[6] a driver gives his or her unconditional consent to take a breath test, and agrees that a refusal under the circumstances involved in this proceeding will result in the civil administrative suspen- . sion of his driver’s license by operation of law.
Denial of access to a telephone to speak to an attorney by law enforcement has nothing to do with suspension of a driver’s license under the implied consent statute. See § 316.1932, Fla. Stat. (1997). Indeed under Florida law, a person arrested for D.UI has no right to counsel in advance of deciding whether or not to submit to an approved test of his blood alcohol level. State v. Burns, 661 So.2d 842 (Fla. 5th DCA 1995), dismissed, 676 So.2d 1366 (Fla.1996). There is no reason to think the law otherwise regarding breath tests.
In a formal review conducted pursuant to section 322.2615, the hearing officer must determine by a preponderance of the evidence whether sufficient cause exists to sustain the suspension. The scope of review is limited to the following issues, if the license is suspended for refusal to take a breath test:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances;
2. Whether the person was placed under lawful arrest for a violation of s. 315.193; and
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer.
4. ' Whether the person was told that if he refused to submit to such test his privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
§ 322.2615(7)(b), Fla. Stat. (1997).
In this case the hearing officer correctly determined by a preponderance of the evidence that sufficient cause existed to sustain suspension of Farr’s drivers license. He resolved each of the requisite statutory issues against.Farr. He found, as required by the statute, that Farr was given implied consent warnings, and that he refused to take the breath test. By granting Farr’s petition for certiorari, the circuit court imposed an additional element to the scope of review issues, in derogation of the statuto *553 ry scheme. See and compare Dep’t of Hwy.. Safety & Motor Vehicles v. Green, 702 So.2d 584 (Fla. 2d DCA 1997).
GRANT WRIT; QUASH ORDER OF CIRCUIT COURT.
THOMPSON, J. concurs.
GRIFFIN, J., concurs in result only.

. § 322.2615(l)(a), Fla. Stat. (1997).
Suspension of license; right to review.—
(l)(a) A law enforcement officer or correctional officer shall, on behalf of the department, suspend the driving privilege of a person who has been arrested by a law enforcement officer for a violation of s. 316.193, relating to unlawful blood-alcohol level or breath-alcohol level, or of a person who has refused to submit to a breath, urine, or blood test authorized by s. 316.1932. The officer shall take-the person's driver’s license and issue the person a 30-day temporary permit if the person is otherwise eligible for the driving privilege and shall issue the person a notice of suspension. If a blood test has been administered, the results of which are not available to the officer at the time of the arrest, the agency employing the officer shall transmit such results to the department within 5 days after receipt of the results. If the department then determines that the person was arrested for a violation of s. 316.193 and that the person had a blood-alcohol level or breath-alcohol level of 0.08 or higher, the department shall suspend the person’s driver’s license pursuant to subsection (3).'

. § 316.089, Fla. Stat. (1997).

. § 562.111, Fla. Stat. (1997).

. § 316.1936, Fla. Stat. (1997).

. § 322.2615(13), Fla. Stat. (1997).

. Section 316.1932(l)(a), Florida Statutes (1997), provides in pertinent part as follows:
Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by so operating such vehicle, deemed to have given his or her consent to submit to an approved chemical test or physical test including, but not limited to, an infrared light test of his or her breath for the purpose of determining the alcoholic content of his or her blood or breath, and to a urine test for the purpose of detecting the presence of chemical substances as set forth in s. 877.111 or controlled substances, if the person is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical substances, or controlled substances.