GREEN, Judge.
The Department of Highway Safety and Motor Vehicles (Department) petitions this court for a writ of certiorari to quash the circuit court order granting Virginia Mee-ham’s petition for a writ of certiorari, which quashed the Department’s order suspending Ms. Meeham’s driver’s license. We grant the writ and quash the circuit court order.
On April 28, 2000, Ms. Meeham was pulled over at a multijurisdictional driving under the influence (DUI) checkpoint. When the officer approached her vehicle, he noticed a strong smell of alcohol on her breath and her eyes were bloodshot and watery. Ms. Meeham agreed to a field sobriety test, and she performed poorly. She was placed under arrest for DUI and taken to the mobile breath alcohol testing facility but refused to take a breath test. The arresting officer timely filed his paper work with the Department pursuant to section 322.2615(2), Florida Statutes (1999), and Florida Administrative Code Rule 15A-6.013. Ms. Meeham has not challenged the authenticity of these documents which were prepared by the Lee County Sheriffs office in conjunction with the various agencies which conducted the roadblock.
Ms. Meeham had a prior DUI arrest and conviction during which she refused to submit to a breath or urine test for the presence of alcohol. Because this was Ms. Meeham’s second refusal to submit to an alcohol test, her driving privileges were suspended for eighteen months pursuant to section 322.2615(l)(b), Florida Statutes (1999). Ms. Meeham requested a formal review by the Department, and a hearing officer sustained her suspension. Ms. Meeham then filed a petition for writ of certiorari with the circuit court. Following oral argument, the circuit court granted Ms. Meeham’s petition for writ of certiorari and quashed the Department’s order.
Ms. Meeham’s underlying complaint is that it is improper for the Department to maintain copies of arrest documents which are used on a repetitive basis to enable hearing officers to: (a) review files prior to the commencement of the formal review hearing in order to determine if the documentary evidence is adequate and (b) employ documents from separately maintained files of the Bureau of Administrative Review as the hearing officer determines appropriate, on a case-by-case basis. She contends this procedure runs afoul of a driver’s right to due process.
In quashing the Department’s order, the circuit court in this case relied on the earlier circuit court case of Katz v. Department of Highway Safety & Motor Vehicles, No. 98-923 CC-RWP (Fla. 20th Cir. Ct. Nov. 16, 1998). Katz held that documents maintained by the Bureau of Driver’s Improvement should have been submitted at the hearing by law enforcement officers as required by rule 15A-6.013. Katz was considered apparent authority, based on this court’s denial of the Department’s petition for writ of certiorari in that case. See Dep’t of Highway Safety & Motor Vehicles v. Katz, 733 So.2d 526 (Fla. 2d DCA 1999)(Table). However, our denial of the writ of certiorari in Katz was nonspecific.
The circuit court’s order in this appeal is in conflict with this court’s decision in Department of Highway Safety & Motor Vehicles v. Anthol, 742 So.2d 813 (Fla. 2d DCA 1999). Anthol discusses the more relaxed admissibility requirements in the administrative review of license suspensions as compared to civil or criminal trials. We disavow Katz, to the extent that it is inconsistent with Anthol and this decision. The documents regarding Ms. Mee-ham were properly submitted by a law *223 enforcement officer pursuant to rule 15A-6.013. The Department’s order was correct, and the circuit court erred in granting Ms. Meeham’s petition for writ of cer-tiorari.
Department’s petition granted; order quashed.
THREADGILL, A.C.J., and SALCINES, J., Concur.