817 So.2d 1045 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Matthew SNELSON, Respondent.
No. 01-3869.
District Court of Appeal of Florida, Second District.
June 5, 2002.
*1046 Kathy Jimenez, Miami, for Petitioner.
Mark T. Flaherty of Paderewski, Dannheisser & Sweeting, P.A., Sarasota, for Respondent.
CASANUEVA, Judge.
The Department of Highway Safety and Motor Vehicles (DHSMV) seeks a writ of certiorari to the circuit court to quash an order that reinstated Matthew Snelson's driver's license privileges following an arrest for driving under the influence. Mr. Snelson's license had been suspended pursuant to section 322.2615(1)(a), Florida Statutes (2000), based on his refusal to submit to a breath test. Because the circuit court failed to apply the correct law in its certiorari review of the agency's decision to sustain Mr. Snelson's license suspension, we issue the writ and quash the circuit court's order.
Mr. Snelson was stopped on April 28, 2001, when a Sarasota County sheriff's deputy observed his vehicle swerve to avoid hitting a curb because it was traveling too fast for the turn. The deputy who arrived to conduct a DUI investigation detected a strong odor of alcoholic beverage on Mr. Snelson's breath, noted his dilated and watery eyes, and observed him swaying while standing. Mr. Snelson performed poorly on field sobriety exercises and was placed under arrest for DUI. After he refused to submit to a breath test, Mr. Snelson was given a citation for refusal to submit to the test, which also served as a notice of suspension of his driver's license.
Upon Mr. Snelson's request a formal review hearing of his license suspension was conducted. Both deputies involved in the stop and investigation of the DUI testified at the hearing. The arresting officer also timely filed paperwork pursuant to *1047 section 322.2615(2) and rule 15A-6.013(2), Florida Administrative Code, which included a probable cause affidavit, a refusal affidavit, the DUI citation, and the driver's license. At the hearing Mr. Snelson's counsel moved to set aside the administrative suspension of the license because the videotape of the field sobriety test was not placed into evidence at the hearing. The hearing officer, however, denied that request and determined by a preponderance of the evidence that sufficient cause existed to sustain the suspension.
Mr. Snelson's next step was to seek certiorari review of the DHSMV's order in the circuit court. The circuit court concluded that the DHSMV failed to comply with rule 15A-6.013(2)(f) and, further, that the "burden is upon the Department to comply with its rule and its failure to comply cannot be considered harmless error." The court then ordered the DHSMV to set aside its suspension of Mr. Snelson's license.
In our review of the circuit court's order we are confined to considering "whether the court afforded procedural due process and applied the correct law." State, Dep't of Highway Safety & Motor Veh. v. Porter, 791 So.2d 32, 35 (Fla. 2d DCA 2001). We conclude that the circuit court failed to apply the correct law by acting outside the limitations of its own review jurisdiction, which was to consider: "(1) whether the agency furnished procedural due process; (2) whether the agency observed the essential requirements of the law; and (3) whether the agency's findings and judgment are supported by competent substantial evidence." Id. at 34.
In this case the circuit court misinterpreted the applicable statute and rule and the interplay between them. Section 322.2615, which granted Mr. Snelson the right to ask for the formal review of his license suspension for refusal to take a breathalyzer test, provides in subsection (2)(a) that the
law enforcement officer shall forward to the department, within 5 days after the date of the arrest, a copy of the notice of suspension, the driver's license of the person arrested, and a report of the arrest, including an affidavit stating the officer's grounds for belief that the person arrested was in violation of s. 316.193.
§ 322.2615(2)(a) (emphasis added). Other documents are also included within that mandatory forwarding requirement: the citation, a description of the field sobriety test, and an affidavit describing the refusal to take the breath test. The statute further provides, however, that the
failure of the officer to submit the material within the 5 day period specified in this subsection and in subsection (1) shall not affect the department's ability to consider any evidence submitted at or prior to the hearing. The officer may also submit a copy of a videotape of the field sobriety test or the attempt to administer such test.
§ 322.2615(2)(a) (emphasis added). Thus, the statute carries no requirement that the law enforcement officer turn over a copy of the videotape to the DHSMV.
The circuit court relied, however, on some language from rule 15A-6.013(2), requiring that the hearing officer "shall consider any report ... submitted by a law enforcement officer ... which has been filed prior to or at the review." The following sentence states that those reports "shall be in the record for consideration by the hearing officer" and include "any video or audio tape of the driver incidental to the arrest." R. 15A-6.013(2), Fla. Admin. Code.
In relying upon the language from the rule and ignoring the patently permissive *1048 language of the statute, the circuit court applied the incorrect law. The circuit court adopted an interpretation mandating that the law enforcement officer place certain reports, including the videotape, into the record. This interpretation effectively placed a greater burden on the law enforcement officer than that imposed by the statute authorizing the rule, which contains clearly optional language in regard to the forwarding of the field sobriety videotapes to the DHSMV. Furthermore, the circuit court ignored the provision of rule 15A-6.103(5) that gives the driver the opportunity to present evidence. If the driver sincerely thought that the videotape demonstrated that his field sobriety test results were not as testified to by the investigating officer, he had the opportunity to subpoena the videotape and place it into the record on his own accord.
As noted in a recent case from this court, "`second appeal' certiorari requires something more than `simple legal error.' To merit a `second appeal,' the error must be a violation of a clearly established principle of law resulting in a miscarriage of justice." Dep't of Highway Safety & Motor Veh. v. Alliston, 813 So.2d 141, 144 (Fla. 2d DCA 2002) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Combs v. State, 436 So.2d 93 (Fla.1983)). Here, it can be said that giving greater weight to a rule implemented pursuant to a statute than to the requirements of the statute violates a clearly established principle of law. Furthermore, to do so in this case results in a miscarriage of justice because the circuit judge did not consider whether a preponderance of the evidence supported suspension of Mr. Snelson's driver's license.
Finally, this error is capable of repetition in other cases and would continue to deprive the DHSMV of its opportunity to sustain driver's license suspensions solely because the videotape of the field sobriety test was not put in evidence, even if other substantial competent evidence supported the suspension. See Dep't of Highway Safety & Motor Veh. v. Anthol, 742 So.2d 813, 813 (Fla. 2d DCA 1999) ("Because the circuit court's written decision could affect many other administrative proceedings involving the suspension of drivers' licenses, we grant certiorari relief.").
Accordingly, we grant the petition for writ of certiorari, issue the writ, and quash the circuit court's order.
FULMER and SILBERMAN, JJ., Concur.