935 So.2d 542 (2006)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Jose GARCIA, Respondent.
No. 3D05-2137.
District Court of Appeal of Florida, Third District.
June 28, 2006.
Rehearing Denied August 18, 2006.
*543 Enoch J. Whitney, General Counsel, and Carlos J. Raurell, Assistant General Counsel, for petitioner.
Hersch & Talisman and Richard Hersch, Miami, for respondent.
Before LEVY, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The State of Florida, Department of Highway Safety and Motor Vehicles ("Department"), seeks certiorari review of an order entered by the circuit court, appellate division, quashing the Department's administrative suspension of Jose Garcia's driver's license, following his arrest for driving under the influence of alcohol. As we conclude that the circuit court, acting in its appellate capacity, and applied the correct law, we deny the petition.
In reviewing the action of an administrative agency, the circuit court must determine (1) whether the agency accorded the parties procedural due process; (2) whether the agency observed the essential requirements of the law; and (3) whether the agency's action is supported by competent substantial evidence. See Dep't of Highway Safety & Motor Vehicles v. Trimble, 821 So.2d 1084 (Fla. 1st DCA 2002); Dep't of Highway Safety & Motor Vehicles v. Silva, 806 So.2d 551, 553 (Fla. 2d DCA 2002). However, "[i]n reviewing the final order of the circuit court acting in its appellate capacity, the district court is limited to determining whether the circuit court afforded the parties procedural due process and applied the correct law." Dep't of Highway Safety & Motor Vehicles v. Dehart, 799 So.2d 1079 (Fla. 5th DCA 2001).
In the instant case, on January 16, 2005, Jose Garcia was arrested for driving under *544 the influence ("DUI"). After being arrested, Garcia was transported to a police station where he submitted to breath-alcohol tests. As the intoxilyzer test results were allegedly 0.08 or higher, the police officer took Garcia's driver's license and filed a notice of suspension. See § 322.2615(1)(a), Fla. Stat. (2005). Thereafter, pursuant to section 322.2615(1)(b)(3), Florida Statutes (2005), Garcia filed a request for formal review of his driver's license suspension with the Department. In support of the suspension, the law enforcement officer submitted documentary evidence, as required by section 322.2615(2), Florida Statutes (2005), and rule 15A-6.013(2) of the Florida Administrative Code. Rule 15A-6.013, Florida Administrative Code, provides as follows:
(2) The hearing officer shall consider any report or photocopies of such report submitted by a law enforcement officer, correctional officer or law enforcement or correctional agency relating to the arrest of the driver, the administration or analysis of a breath or blood test, the maintenance of a breath testing instrument, or a refusal to submit to a breath, blood, or urine test, which has been filed prior to or at the review. Such reports, which shall be in the record for consideration by the hearing officer, include:
(a) The uniform traffic citation or notice of suspension issued to the driver;
(b) An affidavit stating the officer's grounds for belief that the person arrested was in violation of s. 316.193;
(c) An affidavit of any breath, urine or blood test refusal, submitted by a law enforcement officer;
(d) The results of any breath or blood test documenting the driver's alcohol level;
(e) The officer's alcohol influence report or a description of the field sobriety test;
(f) Any video or audio tape of the driver incidental to the arrest, including any field sobriety test performed or attempted to be performed by the driver;
(g) Notice of Commercial Driver's License/Privilege Disqualification, HSMV Form 72005;
(h) Certification of Blood Withdrawal, FDLE/ICP Form 11;
(i) Breath Test Result Affidavit, FDLE/ICP Form 14;
(j) Blood Test Result Affidavit, FDLE/ICP Form 15; or
(k) Agency Inspection Checklist, FDLE/ICP Form 24.
No extrinsic evidence of authenticity as a condition precedent to admissibility is required.
(emphasis added).
At the hearing, all of the documents, required by Rule 15A-6.013 were introduced. The intoxilyzer print card which was submitted at the formal hearing was, however, for an individual named Jose A. Gonzalez, not Jose Garcia, the suspended driver in the instant case. The intoxilyzer print card introduced showed that Jose A. Gonzalez's breath test results were 0.241 and 0.236, and that the tests were conducted at 17:07 and 17:09, respectively. The Complaint/Arrest Affidavit, however, indicates that Garcia was arrested at 20:42, and the Breath Test Result Affidavit (Form 14) indicates that Garcia's breath test results were 0.094 and 0.086, and that the tests were administered at 21:46 and 21:48, respectively.
At the hearing, Garcia's counsel moved to invalidate the intoxilyzer print card and the Breath Test Result Affidavit, arguing the invalidity of the results contained on the intoxilyzer print card, based upon the inconsistencies between the Breath Test Result Affidavit and the intoxilyzer print card. The hearing officer, however, relied *545 upon the print card documenting the breath test results of Jose A. Gonzalez, an entirely different individual, administered an hour prior to Garcia's encounter with law enforcement, and sustained the suspension of Garcia's driving privilege finding, in part, that Garcia's breath test results were 0.241 and 0.235, and therefore, Garcia had "an unlawful alcohol level of .08 or higher."
Garcia appealed the decision of the Department's hearing officer by filing a petition for writ of certiorari in the circuit court, appellate division. Garcia objected to evidence regarding his breath test results, arguing that the intoxilyzer breath card, which was submitted by law enforcement and ultimately considered by the hearing officer in finding that his blood alcohol levels were 0.241 and 0.235, was for another driver, and therefore, there was no evidence confirming the breath results asserted in the Breath Test Result Affidavit. In response, the Department argued that the inclusion of another person's intoxilyzer breath card was harmless in light of the inclusion in the record of the Breath Test Result Affidavit which listed Garcia's actual breath test results. The circuit court agreed with Garcia, finding, in part, that rule 15A-6.013(2) requires the production of the intoxilyzer breath card at the formal hearing. Further, the circuit court noted that the hearing officer chose to ignore the "discrepancies and inconsistencies" between the Breath Test Result Affidavit and the intoxilyzer breath card.
As the Department does not allege any procedural due process violations, this court's review is limited to whether the circuit court applied the correct law when it quashed the Department's suspension of Garcia's driver's license. The Department argues that the circuit court applied the wrong law because rule 15A-6.013(2) does not require that an intoxilyzer printout, print card, or breath card be included in the record. We disagree.
Rule 15A-6.013(2) provides, in part, as follows:
(2) . . . Such reports, which shall be in the record for consideration by the hearing officer, include:
. . .
(d) The results of any breath or blood test documenting the driver's alcohol level;
. . .
(i) Breath Test Result Affidavit, FDLE/ICP Form 14[.]
In essence, the Department argues that the admission in the record of the Breath Test Result Affidavit (Form 14) satisfies both 15A-6.013(2)(d) and (i) because the Breath Test Result Affidavit states the suspended driver's breath test results. We are, however, unpersuaded by the Department's argument. If the drafters of rule 15A-6.013 intended that the introduction of the Breath Test Result Affidavit required in 15A-6.013(2)(i) would relieve law enforcement of its obligation of submitting the print card, which documents the breath test results, they would not have listed the requirement to provide that evidence as a separate requirement in 15A-6.013(2)(d). In situations where a driver submits to a breath test, we interpret rule 15A-6.013 as requiring that the record before the hearing officer include both the Breath Test Result Affidavit and the actual result documenting the driver's blood alcohol level, which in this case is the intoxilyzer print card inserted into the intoxilyzer machine and which records the results of the test. Case law also appears to support our position that the intoxilyzer print card is required pursuant to rule 15A-6.013(2). See Dep't of Highway Safety *546 & Motor Vehicles v. Silva, 806 So.2d 551 (Fla. 2d DCA 2002) ("The Charlotte County deputy who administered the breath test timely filed his paperwork with the Department pursuant to section 322.2615(2), Florida Statutes (1999), and Florida Administrative Code Rule 15A-6.013, including, inter alia, the DUI traffic citation, intoxilyzer print card, and the probable cause affidavit."); Dep't of Highway Safety & Motor Vehicles v. Mowry, 794 So.2d 657, 658 n. 1 (Fla. 5th DCA 2001) ("The other documents contained in the record for consideration by the hearing officer pursuant to rule 15A-6.013(2), Florida Administrative Code, were: 1) the charging affidavit; 2) Intoxilizer printer card; 3) the July 9, 1999 and August 25, 1999 agency inspection report; 4) Department inspection report; and 5) the DUI citation.") (emphasis added). We, therefore, conclude that the circuit court applied the correct law when quashing the Department's suspension of Garcia's driver's license, and thus we deny the Department's petition for writ of certiorari.
Petition denied.