971 So.2d 237 (2008)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Jeffrey DeGROOT, Respondent.
No. 2D07-162.
District Court of Appeal of Florida, Second District.
January 4, 2008.
Judson Chapman, General Counsel, and Jason Helfant, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for Petitioner.
Bruce H. Denson of Bruce H. Denson, P.A., St. Petersburg, for Respondent.
SALCINES, Judge.
The Department of Highway Safety and Motor Vehicles (DHSMV) seeks second-tier certiorari review of the circuit court order which granted a petition for writ of certiorari. The circuit court acting in its appellate capacity overturned the suspension of Jeffrey DeGroot's driver's license privileges following an arrest for driving under the influence of alcohol. We conclude that the circuit court committed a legal error which violated a clearly established principle of law resulting in a miscarriage of justice when it held the evidence was insufficient to support the suspension of DeGroot's license.
On August 20, 2006, DeGroot was arrested for DUI. He cooperated and submitted to a breath test on an Intoxilyzer 8000. Based on the results of that test, DeGroot's driving privilege was suspended. See § 322.2615(1)(a), Fla. Stat. (2006). At an administrative formal review, the hearing officer was only presented with a Breath Test Result Affidavit to support *238 the determination that DeGroot's breath-alcohol level was 0.08 or higher. A Final Order of Suspension was issued by DHSMV based upon the evidence before it. This order was the subject of DeGroot's petition for writ of certiorari to the circuit court.
A three-judge circuit court panel considered the petition for writ of certiorari. The circuit court was convinced by DeGroot's argument that the suspension should be overturned because pursuant to State, Department of Highway Safety and Motor Vehicles v. Garcia, 935 So.2d 542, 545 (Fla. 3d DCA 2006), in order to comply with Florida Administrative Code Rule 15A-6.013(2) (2005),[1] and to uphold the suspension of driving privileges of an individual who has submitted to a breath test, the record must include both a Breath Test Result Affidavit and "the actual result documenting the driver's blood alcohol level, which in this case is the intoxilyzer print card." Id. at 545-46.
This court considered the evidentiary requirements of rule 15A-6.013(2) in Department of Highway Safety & Motor Vehicles v. Snelson, 817 So.2d 1045 (Fla. 2d DCA 2002), and State, Department of Highway Safety & Motor Vehicles v. Anthol, 742 So.2d 813 (Fla. 2d DCA 1999). Those cases involved similar facts in that the petitions for writ of certiorari presented to the circuit courts were granted based on the conclusion that the evidence submitted was insufficient to support the driver's license suspension because items listed in rule 15A-6.013(2)(a-k) as reports to be included in the record had not been properly presented to the administrative hearing officer. In those cases this court granted the second-tier petitions for writ of certiorari and overturned the circuit court orders. We held that the circuit courts had relied upon the language of rule 15A-6.013(2) and had ignored the patently permissive language of section 322.2615(2). This statute sets forth the evidentiary *239 items which must be forwarded to the DHSMV by the law enforcement officer who has suspended the driver's license of an individual based upon a blood-alcohol or breath-alcohol level of 0.08 or higher or based upon a refusal to submit to a breath, blood, or urine test. The statutory requirement for submission of evidence to DHSMV relating to the test is that the law enforcement officer shall submit "the results of any breath or blood test or an affidavit stating that a breath, blood, or urine test was requested by a law enforcement officer or correctional officer and that the person refused to submit." § 322.2615(2). The statute does not specifically require that the intoxilyzer card with the printed results be submitted in order to establish the results of a breath-alcohol test. We conclude the circuit court erred when it concluded that the suspension of DeGroot's driver's license was not supported by competent, substantial evidence due to the failure to include the intoxilyzer print card in the record before the hearing officer.
In a second-tier certiorari proceeding, the scope of this court's review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003). In the present case there is no question that due process was afforded. Therefore, this court only need determine if there has been a legal error which violated a clearly established principle of law resulting in a miscarriage of justice. Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141, 144 (Fla. 2d DCA 2002). We conclude that such a legal error has occurred based on this court's opinions in Snelson and Anthol. Accordingly, we grant the petition for writ of certiorari, issue the writ, and quash the circuit court's order.
Petition granted.
FULMER, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] The 2005 and 2006 version of the rule state:

(2) The hearing officer shall consider any report or photocopies of such report submitted by a law enforcement officer, correctional officer or law enforcement or correctional agency relating to the arrest of the driver, the administration or analysis of a breath or blood test, the maintenance of a breath testing instrument, or a refusal to submit to a breath, blood, or urine test, which has been filed prior to or at the review. Such reports, which shall be in the record for consideration by the hearing officer, include:
(a) The uniform traffic citation or notice of suspension issued to the driver;
(b) An affidavit stating the officer's grounds for belief that the person arrested was in violation of s. 316.193;
(c) An affidavit of any breath, urine or blood test refusal, submitted by a law enforcement officer;
(d) The results of any breath or blood test documenting the driver's alcohol level.
(e) The officer's alcohol influence report or a description of the field sobriety test;
(f) Any video or audio tape of the driver incidental to the arrest, including any field sobriety test performed or attempted to be performed by the driver;
(g) Notice of Commercial Driver's License/Privilege Disqualification, HSMV Form 72005;
(h) Certification of Blood Withdrawal, FDLE/ICP Form 11;
(i) Breath Test Result Affidavit, FDLE/ICP Form 14;
(j) Blood Test Result Affidavit, FDLE/ICP Form 15; or
(k) Agency Inspection Checklist, FDLE/ICP Form 24.
(Emphasis added). We note that rule 15A-6.013(2) was amended effective March 9, 2007, to eliminate the enumerated list of documents that is the source of dispute in the present case. 2007 FL Reg. Text 67611. All references to the rule in this opinion relate to rule 15A-6.013 in effect from 1997 prior to the 2007 amendment.