BERGER, J.,
dissenting.
I respectfully disagree with the majority’s decision to deny the Department of Highway Safety and Motor Vehicles’ petition for second-tier certiorari review of the circuit court’s order quashing the suspension of Nicole Dean’s driver’s license.
In granting certiorari below, the circuit court found that the record “fails to establish sufficient probable cause to conduct a stop and subsequent arrest of the petitioner.” However, “neither the statute nor the case law requires an officer to have ‘probable cause’ at the time he or she makes an investigative stop.” Dep’t of High. Saf. & Motor Veh. v. Ivey, 73 So.3d 877, 879 (Fla. 5th DCA 2011). Indeed, only a founded suspicion that the driver is intoxicated is necessary. Id. (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); see also State v. Teamer, 151 So.3d 421, 425-27 (Fla.2014) (“The United States Supreme Court has ‘held that the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity “may be afoot,” even if the officer lacks probable cause.’” (quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989))).
To the extent the trial court applied the probable cause standard to the initial traffic stop rather than the reasonable suspicion standard, this was incorrect. See Ivey, 73 So.3d at 879. Left unchecked, the precedential value of the erroneous ruling on subsequent administrative hearings will result in a miscarriage of justice. See Dep’t of High. Saf. & Motor Veh. v. Alliston, 813 So.2d 141, 145 (Fla. 2d DCA 2002) (citing Dep’t of High. Saf. & Motor Veh. v. Anthol, 742 So.2d 813 (Fla. 2d DCA 1999)) (finding circuit court’s error resulted in miscarriage of justice where the order had precedential value). Accordingly, I would grant the petition and remand for consideration utilizing the correct standard.[1]

. I believe the majority's reliance on the "tipsy coachman” doctrine is misplaced. Indeed, ‘'[t]he key to the application of this doctrine of appellate efficiency is that there must be support for the alternative theory or principle of law in the record before the trial court.” Robertson v. State, 829 So.2d 901, 906-907 (Fla.2002). I find no such support.